IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CARY DALE KELLEY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-001 |
| | § | |
| CAL DIVE INTERNATIONAL, INC. | § | |

## OPINION AND ORDER

As a prelude to its opposition to the Plaintiff's Motion for Conditional Certification of this FLSA action, Defendant, Cal Dive International, Inc., filed a Motion to Strike portions of the declarations of its current employees, Plaintiffs Cary Dale Kelley and Joshua Smith. According to Cal Dive, the targeted statements are not competent evidence. The Motion will be denied.

At the first step of the certification process, the Plaintiff need only show that the other potential opt-in plaintiffs are "similarly situated" victims of a common policy or plan that violated the FLSA. Mielke v. Laidlaw Transit, Inc., 313 F.Supp. 2d 759, 762 (N.D. Ill. 2004); the standard to do so is a "lenient" one. Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-16 (5th Cir. 1995)   Consequently, at this stage, many courts apply a relaxed evidentiary standard. Longcrier v. HL-A Co., Inc., 595 F.Supp. 2d 1218, 1213 n.8 (S.D. Ala. 2008) ("The better reasoned authorities allow for relaxed evidentiary standards at this early stage.") This Court agrees with this charitable approach. Here, Kelley and Smith have declared that as long-time Saturation Technicians employed by Cal Dive, they and all other offshore workers employed by Cal Dive were consistently underpaid for at least 15 minutes of each compulsory daily safety meeting, for shift relief,  and for mobilization and demobilization activities required of them for each offshore hitch. Their declarations are based upon their own personal experiences and observations and

upon their conversations with other off-shore workers on the numerous vessels on which they worked over the years. In the opinion of this Court, such declarations are sufficiently "competent" for consideration in addressing whether conditional certification should be allowed. Cf. Roebuck v. Hudson Valley Farms, Inc., 239 F.Supp. 2d 234, 238-39 (N.D. N.Y. 2002) (Plaintiff's declaration that he "observed" other employees do the same or similar work and also "observed" that those employees were not paid overtime found sufficient to satisfy the "similar situated" standard.)

It is, therefore, **ORDERED** that the "Motion to Strike Certain Evidence Submitted with Plaintiff's Motion for Notice to Potential Class Members" (Instrument no. 16) is **DENIED**.

**DONE** at Galveston, Texas, this ___20th___ day of May, 2013.

_____
John R. Froeschner
United States Magistrate Judge