IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CARY DALE KELLEY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-001 |
| | § | |
| CAL DIVE INTERNATIONAL, INC. | § | |

<u>**OPINION AND ORDER**</u>

Before the Court is the "Motion for Notice to Potential Class Members" of Plaintiff, Carey Dale Kelley (Kelley). The Motion is Opposed by Defendant, Cal Dive International, Inc. (Cal Dive), and it is now ripe for a determination.

Cal Dive owns and operates a fleet of surface and saturation diving support vessels and barges to provide services to the offshore oil and gas industry. Consequently, many of Cal Dive's employees work offshore providing diving and diving support services to its clients. Kelley is a Senior Saturation Technician, one category of Cal Dive's offshore employees. According to Kelley's allegations and supporting declaration, Cal Dive has a policy to consistently underpay overtime compensation to <u>**all**</u> of its offshore employees who are paid on an hourly basis[1] for their time attending compulsory daily safety meetings, time spent for shift relief briefings, and time spent mobilizing and demobilizing for every offshore hitch. Kelley alleges that this policy has been in effect for over three years and violates the Fair Labor Standards Act (FLSA). Kelley, therefore, sued Cal Dive, individually and on behalf of all of its similarly situated employees, in an effort to collect unpaid overtime. To accomplish his goal, Kelley, through the instant Motion,

---

[1] The Court will simply refer to these employees as "offshore employees."

seeks permission from the Court to send notice of the suit to Cal Dive's offshore employees and give them the opportunity to opt-in to a collective class of overtime claimants against Cal Dive. Cal Dive, in opposition, argues that its offshore employees are not all similarly situated and that, if notice is permitted at all, it should only be sent to employees on its saturation vessels. For present purposes, this Court respectfully disagrees. Kelley alleges that all of Cal Dive's offshore employees, regardless of their job classification, are subjected to the same three illegal aspects of Cal Dive's overtime policy. If discovery were to prove this to be true, those employees would be similarly situated for purposes of certification under the FLSA. Cf. Lindberg v. UHS of Lakeside, LLC, 761 F.Supp. 2d 752 (W.D. Tenn. 2011) (Class of all hourly employees at defendant's behavioral health facilities in Memphis, Tennessee, regardless of job classification and duties, certified to pursue a claim for requiring them to work during unpaid 30 minute meal break.), see also, Doucoure v. Matlyn Food, Inc., 554 F.Supp. 2d 369 (E.D. N.Y. 2008) (Class of "any and all" hourly employees of defendant's supermarket certified.) The term "similarly situated" is interpreted leniently. Rojas v. Seal Products, Inc., 82 F.R.D. 613, 616 (S.D. Tex. 1979)   At the conditional certification step, a named Plaintiff can show that the potential opt-in claimants to be notified are similarly situated by making a modest factual showing that he and they, together, were the victims of a common policy that violated the FLSA. See Flores v. Lifeway Foods, Inc., 289 F.Supp. 2d 1042, 1045 (N.D. Ill. 2003) (citations omitted), see also, O'Brien v. Ed Donnelly Enters, 575 F.3d 567, 584 (6th Cir. 2006) ("(I)t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or conduct in conformity with that policy proves a violation as to all of the plaintiffs.") Under this approach, this Court is of the opinion that Kelley has presently carried his burden; if

discovery establishes that Plaintiff and some of the opt-in Plaintiffs are, in fact, not similarly situated the class can be narrowed or, if appropriate, decertified.  <u>Robuck v. Hudson Valley Farms, Inc.</u>, 239 F.Supp. 2d 234, 239 (N.D. N.Y. 2002)

It is, therefore, **ORDERED** that "Plaintiff's Motion for Notice to Potential Class Members" (Instrument no. 8) is **GRANTED**.

**DONE** at Galveston, Texas, this ____20th____ day of May, 2013.

_____
John R. Froeschner
United States Magistrate Judge